IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PEDRO JOB RECINOS RIVERA, *et al.*,
          *Petitioners*,
   v.

KRISTI NOEM, *et al.*,
          *Respondents*.

1:25-cv-01672-MSN-IDD

## ORDER

Petitioners Pedro Job Recinos Rivera, Denis Murillos, Kevin Javier Romero Betancour, Oscar Armando Rodriguez Villalobos, Raldon Aron Monroy Hernandez, and Romulo Ovidio Orellana Paz have filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners seek a declaratory judgment that they are not subject to mandatory detention under 8 U.S.C. §§ 1225(b)(1) or (b)(2) (Count I). Petitioners also allege that their detention without a bond determination hearing violates 8 U.S.C. § 1226(a) (Count II), and their continued detention violates their right to due process (Count III).

All Petitioners are currently detained in immigration detention facilities and regional jails within this Court's jurisdiction. They have sued the wardens of those facilities. They have also sued Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of ICE; Russell Hott, ICE's Washington Field Office Director; and Pamela Bondi, the Attorney General (collectively,

the "Federal Respondents"). The Federal Respondents have opposed the Petition. ECF 4. For the reasons that follow, the Court will grant the Petition as to Count III.[1]

## I.  BACKGROUND

Petitioner Pedro Job Recinos Rivera is a native and citizen of El Salvador who entered the United States without inspection in 2005. ECF 1 ¶ 40. He now lives in Washington, D.C. and, in June of this year, his wife submitted a Form I-929 Petition for a Qualifying Family Member of a U-1 Nonimmigrant on his behalf. *Id.* at ¶ 41. On September 3, 2025, Mr. Recinos Rivera was stopped and detained while leaving a Home Depot in Washington, D.C. and taken into immigration custody. *Id.* at ¶ 42. He is currently detained at the Caroline Detention Facility. *Id.* at ¶ 43.

Petitioner Denis Murillos is a citizen of Honduras and a national of El Salvador. *Id.* at ¶ 46. He entered the United States without inspection in 2007, and now lives in Washington, D.C. *Id.* at ¶¶ 46-47. On September 27, 2025, Mr. Murillos was pulled over and detained in Washington, D.C., while on his way to work. *Id.* at ¶ 48. Mr. Murillos has a U.S. citizen child and U.S. citizen stepchild. *Id.* at ¶ 50. He is currently detained at the Farmville Detention Center. *Id.* at ¶ 49.

Petitioner Javier Romero Betancour is a citizen of Nicaragua. ECF 1 ¶ 52. He entered the United States without inspection in 2019 and then made his way to Virginia, where he lives with his sister who is a lawful permanent resident. *Id.* at ¶¶ 52-53, 56. On August 12, 2025, Mr. Betancour was stopped and detained near a Home Depot in Washington, D.C. *Id.* at ¶ 54. He is currently detained at the Caroline Detention Facility. *Id.* at ¶ 55.

Petitioner Oscar Armando Rodriguez Villalobos is a citizen of El Salvador who entered the United States without inspection in 2004. ECF 1 ¶ 58. He and his family now live in

---

[1] Because the Court grants relief on Petitioners' due process claim (Count III), it need not address Petitioners' claim that they are entitled to a declaratory judgment (Count I), or that their detention violates the INA (Count (II).

2

Washington, D.C. *Id.* at ¶¶ 59, 62. On August 28, 2025, Mr. Rodriguez Villalobos was detained near his home. *Id.* at ¶¶ 60, 62. He is currently detained at Farmville Detention Center. *Id.* at ¶ 61.

Petitioner Raldon Aron Monroy Hernandez is a citizen of El Salvador who entered the United States without inspection in July 2005. ECF 1 ¶ 64. He and his family now live in Virginia. *Id.* at ¶ 65. On September 27, 2025, Mr. Monroy Hernandez was detained while with his family at a park. *Id.* at ¶ 66. He has two U.S. citizen children and a child who is a lawful permanent resident. *Id.* at ¶ 68. He is currently detained at the Caroline Detention Facility. *Id.* at ¶ 67.

Petitioner Romulo Ovidio Orellana Paz is a citizen of El Salvador who entered the United States without inspection around 2007. ECF 1 ¶ 70. He and his family now live in Maryland. *Id.* at ¶¶ 71, 74. On September 30, 2025, Mr. Orellana Paz was detained while driving to work in Washington, D.C. *Id.* at ¶ 72. Mr. Orellana Paz is currently detained at the Riverside Regional Correctional Facility. *Id.* at ¶ 73.

While none of the Petitioners have filed motions for custody redetermination, they contend that they are effectively foreclosed from doing so as a result of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[2]

## II. ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). The Federal Respondents "recognize that this Court (and others) have rejected Federal Respondents' arguments" that individuals in Petitioners' position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 4 at 3; *see also, e.g.*, *Quispe-*

---

[2] Respondents have waived any argument that Petitioners did not exhaust their administrative remedies with respect to their habeas claim. However, to ensure that Petitioners' eventual bond hearing comports with ordinary ICE procedures, this Court will direct that Petitioners file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Respondents hold the hearing required by this Order.

3

*Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 4 at 3. At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 8-19. They therefore argue that because Petitioners are present in the United States but have not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 9.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order. *See also, e.g., Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because the Petitioners have been present in the United States for between six and twenty-one years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioners' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to a bond hearing before an Immigration Judge ("IJ"), in which the IJ must determine whether they pose a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, their continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8, violates the Petitioners' right to due process.

### III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioners seek release from detention, Petitioners file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Respondents provide Petitioners with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioners have been granted bond, and, if their request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 27, 2025
Alexandria, Virginia